FILED by _____ D.C.

SEP 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

SWATCH S.A. a/k/a SWATCH A.G.; and
THE SWATCH GROUP (U.S.) Inc.,

      Plaintiffs,

v.

NEW CITY, INC.,

      Defendant.

_____/

Judge HUCK/Simonton
Civ. Action No. 06-cv-20162

### FINAL JUDGMENT AND PERMANENT INJUNCTION

      This matter came before the Court upon the Plaintiffs' SWATCH S.A. a/k/a SWATCH A.G. ("Swatch SA") and THE SWATCH GROUP (U.S.) INC. ("Swatch US") (collectively "Plaintiffs") First Amended Complaint against NEW CITY, INC. ("New City" or "Defendant") for trademark infringement, copyright infringement, false advertising and related causes of action, including false designation of origin, trademark dilution, and unfair competition (the "Complaint"). The Parties, having amicably resolved their dispute prior to trial, submitted this agreed Final Judgment and Permanent Injunction:

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED;

      1.    This Court has subject matter jurisdiction over this action and the parties hereto under the laws of the United States, 17 U.S.C. §§ 101 et seq., 15 U.S.C. § 1121, and 28 U.S.C. §§ 1338, 1332 and 1367.

      2.    On or about January 20, 2006, Plaintiffs filed their Complaint alleging, inter alia, that Defendant is liable to Plaintiffs for trademark infringement, copyright infringement, false designation of origin, false advertising, and unfair competition, on the basis of Defendant's commercial activities, including the importation, advertisement, distribution, offering for sale and sale of certain watches bearing certain trademarks and copyrights, without a warranty, and in packaging that had been defaced or altered, without Plaintiffs authorization, and in a manner that is likely to cause confusion, mistake and deception as to whether such products originate with or are sponsored by Plaintiffs, and to tarnish the reputation of and damage the goodwill in the Plaintiffs' marks, as more fully described below.



3. Plaintiffs also claimed that Defendant's advertising and promotional materials contain false statements, namely that Defendant falsely advertised that the SWATCH BRAND WATCHES it offered for sale and sold were covered by the manufacturer's warranty, and further claimed that Defendant's advertisements mislead the public into believing that the SWATCH BRAND WATCHES sold by Defendant were in their original, first quality condition, when in fact they had been altered.

4. Swatch SA is the owner of several trademarks for, among other things watches and watch parts, and corresponding federal trademark registrations and applications, namely: SWATCH (U.S. Trademark Reg. No. 1356512), SWATCH (U.S. Trademark Reg. No. 1849657), SWATCH SCUBA 200 (U.S. Trademark Reg. No. 1664054), IRONY (U.S. Trademark Reg. No. 1938930), SWATCH IRONY (U.S. Trademark Reg. No. 1942870) SKIN (Pending Application), and DIAPHANE (Pending Application) (collectively the "SWATCH Marks").

5. Swatch SA is the owner of various registered and unregistered works which are protected by copyright, including the following registered copyrights:

| Title of Work | Model No. | U.S. Copyright Registration |
|---|---|---|
| FUNNY VILLAGE | GR146 | VA-1-234-663 |
| FLAKY | GW138 | VA-1-234-668 |
| HERE COMES THE DRIZZLE | GB214 | VA-1-235-652 |
| KID'S PATCHWORK | LN141 | VA-1-234-667 |
| STRETCHY | GE119 | VA-1-235-651 |
| ELECTRIC DANCE | SDL902 | VA-1-196-449 |
| DEVOTION | YSL113G | VA-842-199 |
| BATSKNIGHT | AGK331 | VA-1-109-569 |
| WOODEN NOSE | ASDK915 | VA-1-061-788 |
| RITMO DESENFRENADO | GE101 | VA-1-224-216 |
| HAPPY SEA | SDK917 | VA-1-173-865 |
| AT THE ZOO | LS106 | VA-1-265-843 |
| INTERGALACTIC CAT | GE120 | VA-1-234-671 |
| ELECTRIC DANCE 2 | SDL902 | VA-1-196-448 |
| JEU D'ENFANT | GL113 | VA-1-186-257 |
| MILLE FEUILLE | GE163 | VA-1-716-948 |
| DUCKY BATH | GN214 | VA-1-283-197 |
| SAFARI BEACH | GE165 | VA-1-325-676 |
| ZEN WINK | GP127 | VA-1-265-847 |
| VIVE LE PRINTEMPS | LK256A | VA-1-325-683 |
| SAUTE-MOUTON | GK384 | VA-1-173-869 |
| LUCKY YOU | GS111 | VA-1-186-258 |
| PAQUITA'S DAY | GN210 | VA-1-234-669 |
| JARDIN D'HIVER | GS117 | VA-1-234-666 |
| SUPERDIVA | GT900 | VA-1-224-219 |
| GRR OINK | AGK329 | VA-1-103-532 |

(collectively the "Swatch Copyrights") (the SWATCH Marks and Swatch Copyrights referred to collectively as the "SWATCH Marks and Copyrights").

6. Swatch SA manufactures watches in Switzerland for distribution by authorized distributors in various countries around the world, watches bearing the SWATCH Marks and Swatch Copyrights ("SWATCH BRAND WATCHES"). Swatch US is the exclusive authorized distributor of SWATCH BRAND WATCHES in the United States.

7. Defendant is not an authorized dealer or distributor of SWATCH BRAND WATCHES. Plaintiffs have not authorized, individually or collectively, nor granted or vested Defendant with any rights in the SWATCH Marks or Swatch Copyrights.

8. Defendant imported and distributed in the United States SWATCH BRAND WATCHES without Plaintiffs' consent or authorization.

9. On July 20, 2006, Plaintiffs moved for summary judgment on their claims for copyright infringement, trademark infringement, and false advertising under the Lanham Act. Plaintiffs claimed that: (a) that the SWATCH BRAND WATCHES being sold by Defendant had been manufactured by Swatch SA in Switzerland for sale outside the United States; (b) were not intended for distribution in the United States; (c) were materially altered prior to sale in that certain product-specific information was removed from the packaging of the goods; (d) that the packaging was defaced; and (e) that the manufacturer's warranty was void. Plaintiff claimed that Defendant's conduct is likely to cause confusion among consumers, to the damage and detriment both of Plaintiffs and consumers. Plaintiffs' motion also sought judgment on Defendant's false advertising claim.

10. On September 11, 2006, this Court entered its Order on Summary Judgment (D.E. 81), the findings of fact and conclusions on law of which are hereby incorporated by reference, and adopted herein, a copy of which is attached as Exhibit A.

11. In the Order granting partial Summary Judgment, the Court found, among other things, that:

    a. Swatch SA owns the Swatch Copyrights, and that it has the exclusive right to distribute, or authorize the distribution of, copies of the works protected by these copyrights, including the exclusive right to import the goods into the United States for distribution therein;

    b. Under section 602(a) of the Copyright Act, Swatch SA has the right to prevent the SWATCH BRAND WATCHES imported and sold by Defendant from entering the United States and competing with the identical products

       authorized to be distributed in the United States;

c. The warranty included with the packaging of the SWATCH BRAND WATCHES is only effective if endorsed by an authorized dealer;

d. Defendant imported reproductions of the Swatch Copyrights into the United States without Plaintiffs' consent;

e. The first sale protection of section 109(a) of the Copyright Act applies only to copies of works first sold in the United States – not to goods manufactured and first sold abroad;

f. The SWATCH BRAND WATCHES imported and sold in the United States by Defendant do not fall under the first sale protection of section 109(a); and therefore

g. Defendant is liable to Plaintiffs for infringing the Swatch Copyrights by importing reproductions of those works without Plaintiffs' consent.

12. By virtue of the foregoing, the Defendant and each of its officers, partners, agents, representative, servants, affiliates, employees, attorneys, successors and assigns, jointly and severally, and any and all persons in privity or action in concert with them, are hereby permanently and perpetually enjoined and restrained from importing or causing to be imported into the United States, offering for sale, advertisement, storing, defacing, altering, removing codes or other information, or selling SWATCH BRAND WATCHES and/or associated packaging, and from aiding, abetting, or inducing others in connection with all the foregoing, unless authorized by Plaintiffs and the SWATCH BRAND GOODS are purchased directly from Swatch US, and from holding itself and themselves out as authorized dealer(s) of SWATCH BRAND WATCHES.

13. Plaintiffs' remaining claims for trademark infringement, trademark dilution, false designation of origin and false advertising, and unfair competition are hereby dismissed with prejudice.

14. This Judgment shall be binding on and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

15. Jurisdiction is retained by this Court over the parties and the subject matter for the purpose of enforcing compliance with the terms stated herein and for enabling the parties to apply to this court for further orders and to remediate violations hereof. Any such application to enforce the terms hereof may be served on the parties' respective counsel as appears below.

DONE AND ORDERED in Chambers, Miami, Florida, this September 26, 2006.

Paul C. Huck
United States District Judge

Copies furnished to:
U.S. Magistrate Judge Andrea Simonton
and all Counsel of Record

CONSENTED TO:
Dated this _____ day of September, 2006

By: _____ Date: _____
    Jess M. Collen
    Matthew C. Wagner
    Jacqueline M. James
    Brendan J. Reilly
    COLLEN *IP*
    The Holyoke- Manhattan Building   80 South Highland Avenue
    Town of Ossining
    Westchester County, New York 10562
    Phone: (914) 941-5668
    Fax: (914) 941-6091

    *Attorneys for Plaintiffs*
    *Swatch S.A. and*
    *The Swatch Group (U.S.) Inc.*


By: _____ Date: _____
    Alejandro Brito
    ZARCO, EINHORN, SALKOWSKI,
        AND BRITO
    Bank of America Tower
    100 S.E. 2nd Street, Suite 2700
    Miami, FL 33131-2150
    Phone: (305) 374-5418
    Fax: (305) 374-5428

    *Attorneys for Defendant*
    *New City, Inc.*